IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF OKLAHOMA

| | |
|---|---|
| HENRY FLOYD LOVE, JR.,  )  <br> ) <br> Petitioner, ) <br> ) <br> v. ) <br> ) <br> STATE OF OKLAHOMA, *et al.*, ) <br> ) <br> Respondent. ) | Case No. CIV-05-545-M |

**REPORT AND RECOMMENDATION**

Mr. Henry Love seeks federal habeas relief through intervention in ongoing state court proceedings and access to a law library. The Court should abstain on the claims involving pending state court proceedings, and a lack of access to a law library cannot be remedied through a writ of habeas corpus. Thus, the Court should summarily dismiss the petition without prejudice[1] and with leave to amend.

I.  Background

Facing a prosecution for "indecent or lewd acts with a child under sixteen," Mr. Love alleges: (1) denial of the assistance of counsel during his "video arraignment," (2) inability to confront his accuser during the preliminary hearing, (3) constitutional violations in a search, and (4) denial of access to the detention center's law library. Petitioner's Writ of Habeas Corpus, *passim* (May 17, 2005) ("Petition").

---

[1]  See Rules 1(b), 4, Rules Governing Section 2254 Cases in the United States District Courts.

II.    <u>Claims Concerning the Pending Criminal Charges</u>

In *Younger v. Harris*, 401 U.S. 37 (1971), the Supreme Court stated that federal courts should not intervene in state criminal prosecutions begun before institution of a federal suit when the state court proceedings are ongoing, offer an adequate forum for the petitioner's federal claims, and implicate important state interests. *Younger v. Harris*, 401 U.S. at 43. An exception exists for "bad faith or harassment," prosecution under a statute that is "'flagrantly and patently'" unconstitutional, or other "extraordinary circumstances" involving irreparable injury. *See id.* at 46-55 (citation omitted).

Mr. Love has not alleged any facts which would trigger one of these exceptions. For example, Mr. Love has not alleged bad faith, harassment, the unconstitutionality of the statute governing lewd acts with a child, or other extraordinary circumstances involving irreparable injury. Accordingly, the Court should abstain on these claims, summarily dismissing them without prejudice.[2]

III.    <u>Claim Concerning the Petitioner's Lack of Access to a Law Library</u>

Mr. Love also alleges denial of access to the detention center's law library. Petition at pp. 2-3. But these allegations are not cognizable in habeas proceedings. *See Hall v. Flowers*, 133 F.3d 932, 1998 WL 3461, Westlaw op. at 1 (10th Cir. Jan. 6, 1998)

---

[2] *See Morrow v. Winslow*, 94 F.3d 1386, 1398 (10th Cir. 1996) (remanding with instructions for the district court to dismiss an action without prejudice under *Younger*); *see also American Constitutional Law Foundation, Inc. v. Meyer*, 113 F.3d 1245, 1997 WL 282874, Westlaw op. at 4 (10th Cir. May 29, 1997) (unpublished op.) (*per curiam*) ("Abstention under *Younger v. Harris* . . . results in outright dismissal rather than postponement.").

(unpublished op.);[3] *Prows v. Warden, Federal Correctional Institution, Englewood, Colorado*, 930 F.2d 34, 1991 WL 35207, Westlaw op. at 1 (10th Cir. Mar. 4, 1991) (unpublished op.).[4]  Thus, the Court should dismiss this claim without prejudice and with leave to amend within twenty days. *See Reynoldson v. Shillinger*, 907 F.2d 124, 126 (10th Cir. 1990).[5]

IV.     Recommendation

The Court should abstain on Mr. Love's claims relating to his pending criminal charges, and the alleged denial of law library access would not support federal habeas relief.

---

[3]     In *Hall v. Flowers*, the Tenth Circuit Court of Appeals stated:

> Habeas petitions are limited to attacks upon the validity, execution, or duration of confinement.  From the record and Appellant's brief, it appears to us that Appellant is only challenging the adequacy of the library facilities; he is attacking a condition of confinement rather than the fact or duration of his confinement.  Such a claim is not cognizable as a habeas claim but should be brought through a civil action.

*Hall v. Flowers*, 133 F.3d 932, 1998 WL 3461, Westlaw op. at 1 (10th Cir. Jan. 6, 1998) (unpublished op.) (citations omitted).

[4]     The *Prows* court stated:

> [P]etitioner's allegations that the inmate law library "makes it almost impossible for anyone to do effective legal work" do not rise to the level of a deprivation requiring his release under § 1241.  While such allegations may give rise to other remedies, habeas corpus is not among them because the library conditions have no bearing on the validity of his custody.

*Prows v. Warden, Federal Correctional Institution, Englewood, Colorado*, 930 F.2d 34, 1991 WL 35207, Westlaw op. at 1 (10th Cir. Mar. 4, 1991) (unpublished op.) (citation omitted).

[5]     If Mr. Love does amend, the filing fee would be an additional $250.00. *See* 28 U.S.C. § 1914(a).

Thus, the Court should summarily dismiss the petition without prejudice, but with leave to amend within twenty days.

V.  Notice of Right to Object

The Petitioner has the right to object to this report and recommendation. *See* 28 U.S.C. § 636(b)(1). Such objections must be filed with the Court Clerk for the United States District Court. *See Haney v. Addison*, 175 F.3d 1217, 1219-20 (10th Cir. 1999). The deadline for objections is June 16, 2005. *See* W.D. Okla. LCvR 72.1(a). The failure to timely object to this report and recommendation would waive the Petitioner's right to appellate review of the suggested ruling. *See Moore v. United States*, 950 F.2d 656, 659 (10th Cir. 1991).

VI.  Status of the Referral

The referral to the undersigned is terminated.

Entered this 27th day of May, 2005.

*Robert E. Bacharach*
Robert E. Bacharach
United States Magistrate Judge